# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

RYAN HILL, and ANGELA HILL,

Debtors.

Case No. J12-00048-GS
Chapter 13

## MEMORANDUM ON ATTORNEY'S FEES

The debtors filed a *Chapter 13 Plan* on October 9, 2012.  The *Plan* was duly noticed and the trustee has now filed a recommendation in favor of confirmation.  The court will confirm the plan, but will deny the debtor's counsel, Denton Pearson, any attorney's fees at this time.  No fees may be awarded or paid under the *Plan* until Mr. Pearson has filed and duly noticed an application for allowance of his fees.

The debtors' *Plan* estimates that Mr. Pearson has incurred $5,600.00 in estimated fees and costs.  The record in this case is otherwise devoid of any reference to such fees and costs. Mr. Pearson has not filed an attorney disclosure statement, as is required under Fed. R. Bankr. P. 2016(b).  The disclosures required under Rule 2016(b) are material to a determination of any fee award.  What were the terms of Mr. Pearson's employment?  Has a retainer been paid?

In a chapter 13 case, the court allows "reasonable compensation to the debtor's attorney . . . based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in [§ 330]."[1]  Fees are not allowed for services which were not "reasonably likely to benefit the estate; or necessary to the administration of the

---

[1] 11 U.S.C. § 330(a)(4)(B).

estate."[2]  In this district, chapter 13 fees are evaluated under the guidelines found in AK LBR 2016-1(h)(2), and, generally, "attorney's fees must be applied for before allowance."[3]  There is one exception to the requirement that an application be filed.  An attorney's fees and costs may be "deemed allowed" in cases where the total of his fees and costs does not exceed the sum to be paid under paragraph 2(c) of the debtor's confirmed plan and the "no look" amounts found in AK LBR 2016-1(h)(2).[4]

In consumer chapter 13 cases such as this one, the "no look" fee amount, inclusive of any prepetition retainer that may have been paid, is $3,500.00, and the "no look" allowable costs are $350.00.[5]  The amount of estimated fees and costs stated in the *Plan* well exceeds these "no look" amounts.  Further, based upon the record in this case, the court feels that the fee amount stated in the plan is excessive.  This was not an unduly complicated chapter 13 case.  Therefore, no fees or costs shall be paid to Mr. Pearson under the debtors' *Plan* until he has duly filed, and noticed, an appropriate application, and the court has entered an order on such application.

---

[2] 11 U.S.C. § 330(a)(4)(A).

[3] AK LBR 2016-1(h)(1)[A].

[4] AK LBR 2016-1(h)(2)[B], [C], [D].

[5] AK LBR 2016-1(h)(2)[C].  On their petition, the debtors indicated that their debts were primarily business debts.  However, their amended *Schedules* (Docket No. 30) indicate that neither one is self-employed and that all their scheduled debt is consumer debt.  A debtor is engaged in business if he is "self-employed and incurs trade credit in the production of [such] income."  11 U.S.C. § 1304(a).  Because neither debtor satisfies this definition, this is a consumer bankruptcy case.

The court will enter an order confirming the debtors' *Plan*.  However, for the reasons stated herein, no attorneys fees or costs shall be paid to Mr. Pearson until he has filed an attorney disclosure statement, as required by Fed. R. Bankr. P. 2016(b) and complied with Ak LBR 2016-1(h) by filing and noticing an application for allowance of his fees and costs.

An order will be entered consistent with this *Memorandum*.

DATED:  February 4, 2013.

BY THE COURT

 /s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve:  D. Pearson, Esq.
        J. Piranio, Esq.
        L. Compton, Trustee
        U. S. Trustee